Smith Brothers Refinery Company, Inc. v. Commissioner.
Smith Bros. Refinery Co. v. Commissioner
Docket No. 8807.
United States Tax Court
1946 Tax Ct. Memo LEXIS 292; 5 T.C.M. (CCH) 17; T.C.M. (RIA) 46010; January 16, 1946
*292 BLACK Order Denying Judgment on the Pleadings BLACK, J.: For the reasons stated in the Memorandum attached hereto, it is ORDERED, that petitioner's motion for judgment on the pleadings should be and it is hereby denied. Memorandum to Accompany Order Denying Petitioner's Motion for Judgment on the Pleadings BLACK, Judge: The petitioner has moved for judgment on the pleadings, in that the allegations of fact in support of Issue 1, admitted in the answer, show that the distribution in kind by the petitioner did not result in taxable income to the petitioner. In support of its motion, petitioner cites ; . While respondent has denied all three of petitioner's assignments of error, including assignment of error 1, he has admitted the correctness of all the facts which petitioner has alleged in support of its assignment of error 1. In , the dividend resolution provided for a dividend of a certain amount payable in a named stock at a declared valuation. The Supreme Court held that *293 no sale or exchange of the stock resulted and the distribution of the stock was not used to discharge an indebtedness of the corporation, but was a mere distribution in kind and there was no taxable gain to the corporate taxpayer in making the distribution to its stockholders. The dividend resolution in the instant case, under which petitioner made distribution in kind of the $200,000 overriding royalty was not incorporated in the statement of facts which petitioner gave in support of its assignment of error 1, nor was any statement made as to what the resolution contained. We have no information as to what that dividend resolution contained. This missing fact, we think, is important and precludes us from giving petitioner judgment on the pleadings. It, of course, requires no citation of authorities that the determination of respondent is presumably correct and the burden is on petitioner to show there was error. Mertens in his law of Federal Income Taxation, Vol. 1, section 9.68, entitled "Earnings or Profits Are Not Realized by Corporation on Distribution in Kind" says: Regardless of the book adjustments of surplus a distribution by a corporation in kind does not result in *294 any realization of earnings or profits by the corporation. However, there are circumstances under which corporations have been held taxable upon a distribution in kind; these cases usually involve the liquidation of a debt created by a prior dividend declaration. (Italics supplied.) The author then, in a footnote, cites and . The Callanan Road Improvement Co. case held that where a corporation declared a dividend of $12,000 and paid such dividend to its stockholders by the delivery to them of liberty bonds which cost $12,000 but which had a fair market value of $10,636.80 at the date of delivery, and by the payment of $1,363.20 cash, that the corporation was entitled to take a loss of $1,363.20. In the Bacon-McMillan Veneer Co. case, we held that a dividend of a definite amount, paid in liberty bonds, of a value in excess of cost gives rise to taxable gain. We do not understand that the Supreme Court's decision in , nullifies the correctness of the decisions above cited, for the facts are distinguishable. *295 In order to grant petitioner's motion for judgment on the pleadings in the instant case, we would have to assume that the dividend resolution was a resolution authorizing a distribution in kind, and that the distribution in kind was not in payment of a debt by the corporation to its stockholders, created by a prior dividend resolution. It may well be that the dividend resolution in the instant case simply authorized a distribution in kind and that the distribution in kind was not in liquidation of a debt created but we do not thnk we are authorized to assume it. Respondent's counsel in opposing petitioner's motion for judgment on the pleadings, among other things, said: Now, to permit a judgment on the pleadings I should think it would be necessary to go forward and show the nature of that contract under which the sale was made; what the overriding royalties were, and how they were to be distributed; and the nature of the resolution of the corporation which declared that this be distributed as a dividend to the stockholders. (Italics supplied.) As alaready indicated we at least agree with that part of respondent's statement, that before this Court could grant judgment for petitioner *296 on the pleadings, we would have to know the nature of the resolution which directed the distribution of the overriding royalty to petitioner's stockholders. Inasmuch as we do not have that information, petitioner's motion for judgment on the pleadings, we think, should be denied. An order will be entered denying petitioner's motion.